Filed 1/16/14  Satre v. Wells Fargo Bank CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RODRICK I. SATRE et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>        Defendants and Respondents. | A131102<br><br>(Contra Costa County<br>Super. Ct. No. MSC06-02525) |

Plaintiffs Rodrick I. Satre and Bonita Satre Daley (plaintiffs) appeal from a judgment following a court trial on a single cause of action for declaratory relief. Plaintiffs sought a declaration that they were not in default on a loan secured by a deed of trust encumbering their residence.  Following trial, the court found that plaintiffs were in default on the loan beginning in September 2005 and had never cured the default.

Plaintiffs' claims of error on appeal consist of four discrete issues that are essentially procedural in nature.  First, they contend the trial court erred in denying their motion to vacate summary judgment for defendant Wells Fargo Bank, N.A. (Wells Fargo).  They assert that Wells Fargo was bound by a previous order denying summary judgment for defendant America's Servicing Company, which is purportedly "one and the same" as Wells Fargo.  Second, they argue the court exceeded its jurisdiction when it vacated a default as to defendant First American Loanstar Trustee Services (Loanstar), which had previously filed a declaration of nomonetary status as a trustee pursuant to Civil Code section 2924*l*.  Third, they contend the court erred in rejecting their purportedly unopposed statement of decision following trial.  Fourth, they claim the court

1

abused its discretion when it denied leave to file a third amended complaint. We reject plaintiffs' contentions and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The record in this appeal is voluminous. Although the size of the record may give the impression that this case raises complex legal and evidentiary questions, the underlying dispute is actually fairly straightforward. In a nutshell, plaintiffs admittedly fell behind in their payments on a loan secured by a deed of trust encumbering their residence. They then received a repayment agreement to cure the default but stopped making the required payments under that agreement after initially complying with its terms. When foreclosure proceedings were instituted, plaintiffs filed the action giving rise to this appeal, sought a declaration that they were not in default, and requested an injunction to forestall the foreclosure. The court ultimately concluded that plaintiffs never cured the default on their loan.

During the course of the proceedings in the trial court, plaintiffs sought to introduce many theories of liability against the defendants, including allegations of fraud and misrepresentation arising out of all aspects of loan origination and foreclosure. The length of the appellate record in this case is primarily a result of plaintiffs' insistence on filing plentiful, creatively-captioned motions and other lengthy and repetitive pleadings challenging nearly every trial court decision with which they disagreed. Because our review is limited to the issues plaintiffs have chosen to raise on appeal, it is unnecessary to describe in detail the tortuous path this litigation has taken. We omit mention of most of the numerous motions, repetitive requests for reconsideration, and filings submitted by plaintiffs because they do not bear upon the issues on appeal. Further, because plaintiffs' contentions on appeal are largely procedural in nature, our recitation of the facts is limited to an overview of the parties' dealings.

Plaintiffs are husband and wife. In February 2005, defendant America's Servicing Company began servicing plaintiffs' loan, which was secured by a deed of trust encumbering plaintiffs' residence in Point Richmond. At that time, the unpaid principal

2

balance on the loan was $558,412.95. Plaintiffs defaulted on the loan after encountering financial difficulties.

Foreclosure proceedings commenced in March 2006 with the service of a notice of default on plaintiffs. At the time, the loan was past due for the period from November 2005 through March 2006. Plaintiffs contacted America's Servicing Company and requested a repayment plan. America's Servicing Company agreed to provide such a plan on the condition that plaintiffs cured the arrearages on their loan by making payments according to a written payment schedule. In their original verified complaint, plaintiffs admitted receiving a one-year repayment agreement from America's Servicing Company. A copy of the agreement was attached to the complaint.

Plaintiffs admitted making the first payment due under the repayment agreement in the amount of $9,200. They further admitted that they continued to make payments pursuant to the repayment agreement for five additional months, through August 2006. In or about September 2006, plaintiffs sent America's Servicing Company a payment amount less than that contemplated by the repayment agreement. Plaintiffs claimed they chose not to pay the agreed-upon amount because they believed they had paid roughly $12,000 more than was required to cure the default. After plaintiffs deviated from the payment schedule set forth in the repayment agreement, America's Servicing Company resumed foreclosure proceedings by posting a notice of trustee's sale.

Plaintiffs filed the original, verified complaint for declaratory and injunctive relief in December 2006. The complaint identified defendant Loanstar as the trustee under the deed of trust.[1] America's Servicing Company was also named as a defendant. Plaintiffs alleged they had tendered all principal, interest, and fees owing on the loan, including all

---

[1]Loanstar Mortgagee Services, L.L.C, and First American Title Company, doing business as First American Loanstar Trustee Services, were named as defendants, in addition to America's Servicing Company. Loanstar Mortgagee Services, L.L.C. is the former name of First American Loanstar Trustee Services, which we refer to as Loanstar in this opinion.

sums required to reinstate the loan following the default, but that America's Servicing Company had refused to properly credit and account for the payments they had made.

In January 2007, defendant Loanstar filed a declaration of nonmonetary status pursuant to Civil Code section 2924*l*, which in general provides that a trustee named as a defendant in an action concerning the deed of trust may file and serve a declaration of nonmonetary status if the trustee is named in the action solely in its capacity as trustee, and not because of any wrongful acts or omissions on its part. If no objection to the declaration is served within a 15-day objection period, the trustee is relieved from any further participation in the action. (Civ. Code, § 2924*l,* subd. (d).) In this case, plaintiffs did not file an objection to the declaration within the time period specified in Civil Code section 2924*l*.

America's Servicing Company filed a demurrer to the complaint in January 2007. The trial court sustained the demurrer with leave to amend. The court also issued a preliminary injunction preventing America's Servicing Company from proceeding with a nonjudicial foreclosure sale.

In April 2007, plaintiffs filed their first amended complaint, which contained a single cause of action for declaratory relief. America's Servicing Company answered the first amended complaint. Loanstar continued to be named as a defendant in the first amended complaint. In August 2007, plaintiffs' attorney withdrew from representing plaintiffs, who thereafter represented themselves in propria persona in this litigation.

America's Servicing Company filed a motion for summary judgment in December 2007. In the motion, America's Servicing Company argued there was no triable issue of fact concerning whether plaintiffs were in default on their loan. While the summary judgment motion was pending, plaintiffs sought leave to file a second amended complaint adding Wells Fargo as a defendant and asserting new causes of action, including tort and accounting causes of action.[2] The trial court agreed to hear the summary judgment

---

[2]The second amended complaint lists Wells Fargo Home Mortgage and Wells Fargo Bank, N.A., as separate defendants. Wells Fargo Bank, N.A., is the successor by

4

motion at the same time as the motion for leave to file a second amended complaint. Following a hearing in March 2008, the court granted plaintiffs leave to file a second amended complaint conditioned upon plaintiffs paying $2,500 to America's Servicing Company as reasonable costs for preparing the summary judgment motion, which was necessarily premised upon the allegations of the first amended complaint. The court also denied summary judgment for America's Servicing Company on the ground there was a triable issue of fact as to whether plaintiffs were in default on their loan. The court noted that although America's Servicing Company claimed that plaintiff Rodrick Satre had breached a repayment agreement that he had executed, there were unexplained discrepancies in the various executed and unexecuted repayment agreements presented to the court.

Plaintiffs filed the operative second amended complaint in April 2008. America's Servicing Company, Loanstar, and Wells Fargo were named as defendants in the second amended complaint. Plaintiffs alleged on information and belief that America's Servicing Company is a "D.B.A." (doing business as) of Wells Fargo. As filed in April 2008, the second amended complaint contained the following 11 causes of action: (1) breach of contract, (2) intentional misrepresentation, (3) negligent misrepresentation, (4) suppression of fact, (5) promise made without intention to perform, (6) deceit, (7) constructive fraud, (8) accounting, (9) constructive trust, (10) common counts, and (11) declaratory and injunctive relief.

America's Servicing Company and Wells Fargo filed a demurrer to the second amended complaint. In June 2008, the trial court sustained the demurrer without leave to amend as to the first ten causes of action. The court overruled the demurrer as to the

merger to Wells Fargo Home Mortgage. We refer to both the predecessor and successor entities as Wells Fargo in this opinion.

eleventh cause of action for declaratory relief.[3]  America's Servicing Company and Wells Fargo thereafter answered the second amended complaint.

In July 2008, plaintiffs filed a motion entitled "Motion for Request of Rehearing of Order and Leave to File a Third Amended Complaint CCP § 1008(a)."  As best we can tell, plaintiffs asked the trial court to reconsider its demurrer order as to certain causes of action, and they sought to file a third amended complaint they believed would clarify the pleadings and "conform to the Court's direction" as a result of its order sustaining the demurrer to the second amended complaint.  Plaintiffs claimed they reduced the 11 causes of action in the second amended complaint to only four in the proposed third amended complaint, and they argued that "new case law" supported their request to reinstate certain causes of action and add others.  The proposed third amended complaint contained the following four causes of action: (1) violation of Real Estate Settlement Procedures Act (RESPA), (2) breach of quasi-contract, (3) intentional misrepresentation, and (4) declaratory and injunctive relief.  In November 2008, the trial court ultimately denied the motion for reconsideration and to file a third amended complaint, reasoning that plaintiffs had failed to raise any new facts or law supporting reconsideration of the court's order.

In October 2008, Wells Fargo and America's Servicing Company filed a joint motion for summary judgment on the second amended complaint.  The motion was America's Servicing Company's second summary judgment motion and Wells Fargo's first such motion.  The moving parties argued there was no triable issue of fact as to whether plaintiffs were in default on their loan.  The moving parties acknowledged that

---

[3]In their opening brief on appeal, plaintiffs contend the court's signed minute order sustaining the demurrer was a nullity.  We disagree.  The court served a copy of the minute order upon plaintiffs on June 23, 2008, and a second copy was served by counsel for the defendants on June 30, 2008.  The court's order did not contemplate or require preparation of a more formal order.  (Cf. *Walton v. Mueller* (2009) 180 Cal.App.4th 161, 167 [minute order is final for purposes of appeal unless it recites that formal order is to be prepared].)  Plaintiffs' claim that they are not bound by the court's signed order can only be characterized as frivolous.

the repayment agreement was never fully executed but nevertheless argued that plaintiffs had never cured the default, irrespective of whether they may have breached the repayment agreement. The motion did not distinguish between the role played by Wells Fargo and the role played by America's Servicing Company.

The trial court denied the summary judgment motion as to America's Servicing Company, reasoning that the motion constituted an improper motion for reconsideration of the court's previous ruling denying America's Servicing Company's first motion for summary judgment. In an April 2009 order, the court granted summary judgment for Wells Fargo. The court noted that plaintiffs had responded to the separate statement of undisputed facts associated with the *first* summary judgment motion filed by America's Servicing Company, rather than the separate statement submitted with the *second,* then-pending summary judgment motion. The court concluded that plaintiffs never cured the default.

In February 2009, the court denied a renewed attempt by plaintiffs to file a third amended complaint. The court reasoned that the attempt constituted an improper request to reconsider the court's previous ruling denying reconsideration and denying leave to file a third amended complaint. Insofar as plaintiffs sought for the first time to add three new causes of action in a third amended complaint, the court denied the motion for failure to comply with applicable rules of court.

On April 17, 2009, plaintiffs filed a request for entry of default as to Loanstar. The clerk entered the default the same day. After trial had begun, the court signed an order on May 15, 2009, vacating Loanstar's default and finding that plaintiffs had failed to invoke their rights under Civil Code section 2924*l* because they neglected to file a timely objection to Loanstar's declaration of nonmonetary status, which had been filed in January 2007.

A court trial commenced on May 4, 2009. The sole cause of action before the court was for declaratory relief, and America's Servicing Company was the sole remaining defendant at trial. Following trial, on April 9, 2010, the trial court filed its

7

intended decision in favor of America's Servicing Company. The court stated the reason for its ruling as follows in the intended decision:

"Plaintiffs failed to sustain their burden of proof in this case. In fact, the evidence established that Plaintiffs were in default under their note beginning in September 2005. Plaintiff Mr. Satre called Defendant to advise that he could not make his mortgage payment, he called again in October and asked for a repayment agreement, in November stating that he was expecting 'some checks', and in December stating that he expected to be able to make a $4,000 payment 'soon,' following which Defendant sent an acceleration demand letter. Plaintiffs made a payment on January 4, 2006. On March 8, 2006, the loan was referred to 'active foreclosure[.]' [] Thereafter, plaintiffs offered a partial payment which defendants refused to accept, and the parties agreed that defendants would accept a repayment agreement in which plaintiffs would make an initial $9,200.00 payment and monthly payments thereafter and defendants would postpone or suspend the foreclosure proceedings. Plaintiffs made the initial $9,200.00 payment and defendant postponed the foreclosure sale. Plaintiffs made the monthly payments for about 5 months and then did not make the full payments. In addition, plaintiffs disputed whether defendants properly advanced taxes and insurance. A payment was sent by plaintiffs in November 2006, which was less than the amount owed and it was rejected. Defendants proceeded with foreclosure. The weight of the evidence was that although plaintiffs made payments under the forbearance agreement, the default was never cured."

On April 19, 2010, plaintiffs filed a motion in which they complained that they had not received the court's intended decision.[4] In the motion, plaintiffs requested a statement of decision pursuant to Code of Civil Procedure section 632, although the request did not specify the controverted issues as to which plaintiffs were requesting a

---

[4]The trial court clerk explained in a May 5, 2010, mailing that the clerk's office had inadvertently failed to serve plaintiffs with the court's intended decision.

8

statement of decision. Plaintiffs also moved for a new trial. On April 29, 2010, plaintiffs filed a "verified memorandum" in support of their new trial motion. The court heard the new trial motion on June 8, 2010, and took the matter under submission.

On June 23, 2010, plaintiffs filed a proposed statement of decision along with a memorandum supporting the submission of the proposed statement. Plaintiffs claimed they timely requested a statement of decision and that defendants had failed to submit one within the applicable time limits. In a letter of June 24, 2010, responding to plaintiff's submission, counsel for America's Servicing Company stated that efforts to prepare a statement of decision were put on hold as a consequence of plaintiffs' motion for a new trial. Counsel for America's Servicing Company urged that the timeline for preparing a statement of decision should run from the date the court ruled on the then-pending motion for a new trial, although counsel offered to submit a proposed statement of decision earlier if the court requested.

On July 1, 2010, the court filed an order denying plaintiffs' motion for a new trial. The court's order also noted that plaintiffs prematurely presented a proposed statement of decision to the court and sought a ruling that America's Servicing Company is barred from submitting a proposed statement of decision. The court denied plaintiffs' request to bar America's Servicing Company from submitting a proposed statement of decision, reasoning that the time to submit a proposed statement "commences running from the date of this Order denying the Motion for New Trial." The order directed plaintiffs to file and serve within 15 days a request for a statement of decision specifying the controverted issues to be addressed in the statement. The court afforded counsel for America's Servicing Company 20 days (or 15 days if hand-served) to serve plaintiffs with a proposed statement of decision after service of plaintiffs' request.

Instead of submitting a request for a statement of decision specifying the controverted issues to be addressed, as the court had requested, plaintiffs filed a memorandum supporting their proposed statement of decision and opposing a proposed statement of decision submitted by America's Servicing Company. America's Servicing Company filed objections to plaintiffs' proposed statement of decision on July 28, 2010.

9

On August 12, 2010, the trial court signed and filed the proposed statement of decision submitted by America's Servicing Company. Consistent with the court's intended decision, the statement of decision concluded that, although plaintiffs made payments under a forbearance agreement, they never brought their account current and never cured the default.

Plaintiffs filed a motion seeking to set aside the judgment and enter a new and different statement of decision. By order dated November 30, 2010, the court denied the motion. In its order, the court stated: "Plaintiffs' motion is another attempt to have the Court reconsider its decision following trial. Plaintiffs failed to comply with the 7/1/10 Order, and never filed a request specifying the controverted issues. Nevertheless, the Court interpreted plaintiffs' Proposed Statement of Decision, etc. as a specification of controverted issues; the court considered it as such, and rejected it."

The court entered judgment for defendants America's Servicing Company, Loanstar, and Wells Fargo on November 30, 2010. The court's judgment vacated the preliminary injunction that had prevented defendants from proceeding with a nonjudicial foreclosure with respect to plaintiffs' residence.

Plaintiffs filed another motion for new trial following entry of the judgment. By order dated January 25, 2011, the court denied the renewed motion for new trial, reasoning that a motion for new trial had already been denied and there was "no legal basis on which the present motion for new trial can be heard, reheard or reconsidered."

On January 27, 2011, plaintiffs filed a timely notice of appeal from the judgment entered on November 30, 2010.

## DISCUSSION

### 1. *Summary Judgment in Favor of Wells Fargo*

Plaintiffs contend the court erred in denying their motion to vacate summary judgment for Wells Fargo. They argue that Wells Fargo is bound by the court's previous

10

order denying summary judgment for America's Servicing Company, which they claim is "one and the same" as Wells Fargo.[5]

Wells Fargo concedes that a witness at trial stated that Wells Fargo and America's Servicing Company are part of the same company. According to Wells Fargo, this fact does not compel reversal of the summary judgment or a new trial for plaintiffs, because Wells Fargo and America's Servicing Company were sued separately and appeared separately in the action.

It is unnecessary for us to decide whether Wells Fargo should have been bound by a previous order denying summary judgment as to America's Servicing Company. As a practical matter, plaintiffs cannot demonstrate any prejudice resulting from the order granting summary judgment in favor of Wells Fargo. At trial, plaintiffs failed to prove that their loan was current and not in default. The result would have been no different if Wells Fargo had been ordered to appear at trial as a defendant. If, as plaintiffs contend, Wells Fargo and America's Servicing Company are "one and the same," then Wells Fargo would have prevailed at trial based on the same evidence that allowed America's Servicing Company to prevail.

At oral argument on appeal, plaintiffs argued that they suffered prejudice as a result of the summary judgment in favor of Wells Fargo because the lower court was purportedly bound at trial by the findings of fact contained in the order granting summary judgment. They claimed that America's Servicing Company made a motion in limine to preclude plaintiffs from relitigating facts that were summarily adjudicated. They also

---

[5]Plaintiffs also made the claim during oral argument on appeal that Wells Fargo served them electronically with a version of the separate statement that had been associated with the earlier summary judgment motion, thus causing them to fail to respond to the separate statement actually associated with the then-pending motion. This contention was not included in the opening brief on appeal and is therefore forfeited on appeal. (See *Granite Construction Co. v. American Motorists Ins. Co.* (1994) 29 Cal.App.4th 658, 667, fn. 8.) In any event, even if the court erred in granting the motion despite an improperly served electronic version of the separate statement, the error is harmless for the reasons we discuss in this section of the opinion.

11

claimed the court's intended decision contained a footnote explaining that the court did not consider matters that had previously been adjudicated in the summary judgment motion. Thus, according to plaintiffs, they were deprived of the opportunity to fully present their case at trial. A review of the record belies plaintiffs' assertion.

It is true, as plaintiffs contend, that America's Servicing Company filed a motion in limine seeking to prevent plaintiffs from relitigating issues decided in the summary judgment motion. However, there is no indication the court granted the motion or prevented plaintiffs from litigating factual issues that were previously decided in favor of Wells Fargo in the summary judgment motion. Indeed, if the court had granted the motion in limine, there would have been no need for a trial at all, because the facts adjudicated in the summary judgment motion conclusively established that plaintiffs were in default on their loan.

Further, contrary to plaintiffs' contention, the court did not state in its intended decision that it was bound by facts adjudicated in the summary judgment motion. Instead, the court stated that the sole cause of action before it at trial was one for declaratory relief, and in a footnote explained that "[a]ll other causes of action were decided by Summary Adjudication." The footnote is technically incorrect. The reason that there was only one cause of action for declaratory relief at trial was because the remaining causes of action had been disposed of by demurrer, not summary adjudication. The incorrect description of the procedural basis for dismissal of all but one cause of action was corrected in the court's statement of decision, which properly reflects that 10 of the 11 causes of action in the second amended complaint had been dismissed pursuant to a demurrer. There is nothing in the court's intended decision or in the statement of decision to suggest the court denied plaintiffs the opportunity to fully litigate the factual basis of their claims at trial. There is further nothing to indicate the court considered itself bound at trial by facts adjudicated in the summary judgment motion. To the contrary, the intended decision and statement of decision reveal that the court considered and weighed the evidence presented at trial before arriving at its findings of fact. In short, plaintiffs have not demonstrated that the summary judgment in favor of Wells

12

Fargo adversely affected their ability to present their case at trial against America's Servicing Company.

It is a fundamental rule of appellate procedure that a judgment or order will not be overturned on appeal unless the appellant affirmatively demonstrates prejudice as a result of any error. (*Scheenstra v. California Dairies, Inc.* (2013) 213 Cal.App.4th 370, 403.) Even assuming it was error to grant summary judgment in favor of Wells Fargo, plaintiffs suffered no prejudice as a result of that error. Consequently, we reject plaintiffs' challenge to the summary judgment in favor of Wells Fargo.

## 2.  *Order Vacating Default as to Loanstar*

Plaintiffs next contend the court exceeded its jurisdiction when it vacated the default as to Loanstar. We disagree.

As noted above, Loanstar filed a timely declaration of nonmonetary status pursuant to Civil Code section 2924*l* in 2007. Plaintiffs failed to object to the declaration. Plaintiffs waited for over two years before they requested that the clerk enter the default of Loanstar on the eve of trial, in April 2009. At Loanstar's request, the court vacated the default by order dated May 15, 2009, after finding that plaintiffs had failed to invoke their rights under Civil Code section 2924*l* by filing a timely objection to Loanstar's declaration.

Subdivision (d) of Civil Code section 2924*l* provides that, if no objection to the declaration is filed within a 15-day objection period, "the trustee shall not be required to participate any further in the action or proceeding, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is the subject of the action or proceeding." Subdivision (e) of Civil Code section 2924*l* provides as follows: "In the event of a timely objection to the declaration of nonmonetary status, the trustee shall thereafter be required to participate in the action or proceeding. [¶] Additionally, in the event that the parties elect not to, or fail to, timely object to the declaration of nonmonetary status, but later through discovery, or otherwise, determine that the trustee should participate in the action because of the

13

performance of its duties as a trustee, the parties may file and serve on all parties and the trustee a motion pursuant to Section 473 of the Code of Civil Procedure that specifies the factual basis for the demand. Upon the court's granting of the motion, the trustee shall thereafter be required to participate in the action or proceeding, and the court shall provide sufficient time prior to trial for the trustee to be able to respond to the complaint, to conduct discovery, and to bring other pretrial motions in accordance with the Code of Civil Procedure."

Here, it is undisputed that plaintiffs failed to file a timely objection to Loanstar's declaration of nonmonetary status. Pursuant to Civil Code section 2924*l*, subdivision (d), Loanstar was excused from further participation in the action but agreed to be bound by the judgment. Further, as the trial court observed in its order vacating the entry of default as to Loanstar, plaintiffs failed to file a motion for relief under Code of Civil Procedure section 473 as permitted under subdivision (e) of Civil Code section 2924*l*. Under these circumstances, it was entirely appropriate for the court to vacate the default as to Loanstar, which was excused from participation in the proceedings at the time the default was entered.

Plaintiffs suggest that Loanstar was "returned" to the action by virtue of the filing of the second amended complaint after the court granted leave to file that pleading in March 2008. The argument is specious. After Loanstar was relieved of further participation in the action by virtue of its unopposed declaration of nonmonetary status, plaintiffs never sought relief under Code of Civil Procedure section 473 to require Loanstar to participate in the action. (See Civ. Code, § 2924*l*, subd. (e).) Plaintiffs never demonstrated that Loanstar should participate in the action because of the manner in which it performed its duties as a trustee. (*Ibid.*) The mere filing of an amended complaint naming a trustee as a defendant does not substitute for compliance with Civil Code section 2924*l,* subdivision (e).

Plaintiffs also argue that their due process rights were violated because the court vacated the default without requiring Loanstar to file a noticed, written motion. We fail to see how plaintiffs' due process rights were violated. According to Loanstar, and as set

14

forth in the court's order vacating the default, the court heard argument concerning whether it should vacate the entry of default. Consequently, plaintiffs were allowed to be heard on the matter. Further, even if the court erred in not requiring Loanstar to file a noticed motion to vacate the default, plaintiffs cannot demonstrate that they suffered any prejudice as a result of the court's purported error. There is no reason to believe the result would have been any different if Loanstar had filed a formal, written motion to vacate the default. The fact remains that Loanstar was excused from participating in the action because plaintiffs failed to timely object to the declaration of nonmonetary status. The default was properly vacated as to Loanstar.

**3.      *Statement of Decision***

Plaintiffs argue that the trial court erred in rejecting their purportedly unopposed statement of decision in favor of the supposedly untimely statement of decision submitted by America's Servicing Company. This procedural argument lacks merit.

The trial court filed its intended decision in favor of America's Servicing Company on April 9, 2010. Ten days later, even though they complained they had not yet received the trial court's intended decision, plaintiffs filed a new trial motion along with a request for a statement of decision. Notably, the request did not specify the controverted issues as to which plaintiffs were requesting a statement of decision. After the court took the new trial motion under submission on June 8, 2010, plaintiffs filed a proposed statement of decision on June 23, 2010. Counsel for America's Servicing Company filed a response the following day, on June 24, urging the court not to require submission of a proposed statement of decision until after it ruled on the new trial motion. In its order of July 1, 2010, denying plaintiffs' new trial motion, the court specifically addressed timing issues as they related to the statement of decision. The court rejected plaintiffs' request to bar America's Servicing Company from submitting a proposed statement of decision and declared that the time to submit a statement ran from the date of its order denying the new trial motion. The order directed plaintiffs to file and serve within 15 days a request specifying the controverted issues to be addressed in the statement of decision, and it afforded time for America's Servicing Company to submit a

15

proposed decision after service of plaintiffs' request. Plaintiffs did not comply with the court's order and instead filed a legal memorandum supporting their proposed statement of decision and opposing a proposed statement of decision submitted by America's Servicing Company. On August 12, 2010, the trial court adopted the proposed statement of decision submitted by America's Servicing Company.

Rule 3.1590 of the California Rules of Court governs the procedure for preparing a statement of decision following a trial where the court acts as a finder of fact.[6] Rule 3.1590(d) provides that any party that appeared at trial may request a statement of decision. The rule specifies that "[t]he principal controverted issues *must* be specified in the request." (Rule 3.1590(d), italics added.) Rule 3.1590 sets forth timelines for making the request, preparing the proposed statement in response to a request, and objecting to the proposed statement. (Rule 3.1590(d), (e), (f) & (g).) However, as relevant, here, rule 3.1590(m) provides that "[t]he court may, by written order, extend any of the times prescribed by this rule and at any time before the entry of judgment may, for good cause shown and on such terms as may be just, excuse a noncompliance with the time limits prescribed for doing any act required by this rule."

In this case, the court acted well within its discretion under rule 3.1590. First, plaintiffs' original request for a statement of decision did not specify the principal controverted issues to be addressed in the statement, in violation of rule 3.1590(d). The court was justified in treating the defective request as a nullity. Further, the court plainly had the authority under rule 3.1590(m) to disregard any noncompliance with the time limits specified in rule 3.1590, provided it did so before entry of judgment and on just terms. In light of the pendency of plaintiffs' new trial motion, it was not unreasonable for the court to delay the process of requesting and preparing a statement of decision until after the court had ruled on the motion. The court's order of July 1, 2010, establishing the timetable for preparing a statement of decision was just under the circumstances and did not constitute an abuse of discretion. There is no dispute that America's Servicing

[6]All further rule references are to the California Rules of Court.

16

Company complied with the court's July 1 order and submitted a proposed statement of decision within the required time.

Consequently, the court was not obligated to accept plaintiffs' proposed statement of decision. In any event, plaintiffs' proposed statement was inconsistent with the court's intended decision in that it contained findings that plaintiffs had overpaid on their loan and were current on their loan payments. A court obviously has no obligation to accept a proposed statement of decision that contains conclusions directly contrary to its tentative decision.

Plaintiffs argue that the court somehow lacked jurisdiction to reject their proposed statement of decision because more than 60 days had passed since they filed their new trial motion. Their argument seems to be based on the fact that, under Code of Civil Procedure section 660, a new trial motion is deemed denied if not acted upon within 60 days after it is filed. According to plaintiffs, the court supposedly lost jurisdiction to rule on the statement of decision because more than 60 days had passed since they filed their new trial motion that also incorporated a request for a statement of decision. Plaintiffs conflate the requirements applicable to new trial motions with those governing statements of decision. While it may be true the court lacked the power to grant a new trial motion more than 60 days after the date the motion was filed, that has no bearing on the court's authority to adopt a statement of decision. Simply put, the 60-day period for ruling on a new trial motion does not place a time limit on the court's power to adopt or reject a proposed statement of decision.

**4.**     *Leave to File Third Amended Complaint*

Plaintiffs contend the trial court abused its discretion when it denied leave to file a third amended complaint. We are not persuaded that the court exceeded the bounds of its discretion.

We apply an abuse of discretion standard to the question of whether the trial court erred in denying leave to amend a complaint. (*McGuan v. Endovascular Technologies, Inc.* (2010) 182 Cal.App.4th 974, 987.) A trial court's exercise of discretion will not be disturbed on appeal in the absence of a clear showing of abuse, resulting in injury

17

sufficiently grave as to amount to a manifest miscarriage of justice. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 331.) The test for abuse of discretion is whether the trial court exceeded the bounds of reason. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 272.) The burden is on the complaining party to establish an abuse of discretion. (*Blank v. Kirwan, supra,* at p. 331.)

Plaintiffs sought on a number of occasions to file a third amended complaint. Their claim of error on appeal appears to be focused on an order issued one month before trial that denied leave to file an amended complaint purportedly based on new facts concerning forgery and fraud on title. In order to put plaintiffs' claim into perspective, we provide a brief procedural history of their efforts to file a third amended complaint.

The starting point of the relevant procedural history is the court's order filed on June 23, 2008, in which the court sustained a demurrer without leave to amend as to 10 of the 11 causes of action in the second amended complaint, leaving only a declaratory relief cause of action against America's Servicing Company and Wells Fargo. On July 10, 2008, plaintiffs made their first attempt to file a third amended complaint by filing a motion confusingly entitled "motion for request of rehearing of order and leave to file a third amended complaint CCP§1008(a)." The lengthy motion appears to have been an attempt to seek reconsideration of the court's June 2008 demurrer order along with a request to file a third amended complaint that would purportedly clarify the issues and respond to the trial court's concerns in sustaining the demurrer to the second amended complaint. The proposed third amended complaint contained four causes of action.

In opposition to the motion, America's Servicing Company and Wells Fargo argued that the motion was a procedurally defective motion for reconsideration under section 1008 of the Code of Civil Procedure. Among other things, they pointed out that the motion was untimely and was not based on any new or different facts, circumstances, or law.

In November 2008, the trial court denied the motion. The court reasoned that plaintiffs had failed to raise any new facts or law supporting reconsideration of the court's June 2008 order sustaining the demurrer to the second amended complaint.

18

In December 2008, plaintiffs made another attempt to file a third amended complaint by filing a pleading entitled "[updated 11-30-2008] notice of motion and motion for request of rehearing of order and leave to file a third amended complaint CCP§1008." Much like the earlier motion, the December 2008 motion appears to have been an attempt to seek reconsideration of the court's June 2008 demurrer order along with a request to file a third amended complaint. Based upon our review of the motion papers in the record, plaintiffs neglected to mention that the court had just denied their earlier motion to reconsider and to file a third amended complaint. The proposed third amended complaint now contained seven causes of action. The first four were largely the same as in the previous proposed third amended complaint (with a cause of action for "constructive fraud" replacing a "breach of quasi-contract" cause of action). In addition, plaintiffs proposed three additional causes of action denominated as an accounting (fifth cause of action), "Finding that the Non-Judicial Foreclosure is Void" (sixth cause of action), and "Failure to Provide Documents Under Truth in Lending Agreements Voids Agreement" (seventh cause of action).

The crux of the issue on appeal appears to be the seventh cause of action, which contains allegations that documents found at the county recorder's office appeared to have been altered. Plaintiffs alleged that Loanstar added "vacant parcels to the loan agreement [and the Notice of Default] without communicating this alteration to the loan or to the foreclosure notice to Plaintiffs." As we understand plaintiffs' contention, recorded documents incorrectly reflected that plaintiffs' loan was secured not just by their residence but also by neighboring vacant parcels that they owned.

In support of their December 2008 motion, plaintiffs submitted a lengthy brief (49 pages, not including exhibits), plus a lengthy supporting declaration. Based upon our review of plaintiffs' submissions, there is no mention of the allegedly altered documents in plaintiffs' declaration, and none of the submitted exhibits bear upon that issue, although the matter is discussed in the brief, albeit without reference to any supporting evidence.

19

In opposition to the December 2008 motion, defendants America's Servicing Company and Wells Fargo pointed out that the court had already ruled on a motion for reconsideration in November 2008, a fact that plaintiffs had failed to disclose. They further argued that the motion was an improper renewed motion for reconsideration, and they contended that plaintiffs failed to comply with rule 3.1324, which governs motions to amend a pleading.

At a hearing on the motion in February 2009, counsel for defendants stated that the case was set for trial and that two summary judgment motions had already been filed. Counsel complained that plaintiffs had adequate time to amend their complaint and to comply with applicable rules. Plaintiffs asked for a further opportunity to amend their pleading in order to comply with the applicable rule of court. In a tentative ruling, the court denied the motion, reasoning that, as to the first four causes of action, plaintiffs were effectively seeking reconsideration of the court's November 2008 order without complying with section 1008 of the Code of Civil Procedure. As to the three newly added causes of action, the court denied the motion for failure to comply with rule 3.1324. The court filed an order denying the motion in April 2009.

In light of the foregoing procedural history, the court did not abuse its discretion in denying leave to file a third amended complaint. The seventh cause of action, which contained the allegations about altered recorded documents, was not supported by any evidence contained in plaintiffs' declaration or in submitted exhibits. Further, the nature of plaintiffs' claim was unclear. Denominated "Failure to Provide Documents Under Truth in Lending Agreements Voids Agreement," the cause of action appeared to allege a fraud claim against Loanstar for altering recorded documents, but the claim lacked specificity about the nature of any purported fraud. (See *Citizens of Humanity, LLC v. Costco Wholesale Corp.* (2009) 171 Cal.App.4th 1, 20 [fraud must be pleaded with specificity].) The claim appears to have been directed against Loanstar, which at the time was not even an active participant in the litigation in light of its unopposed declaration of nonmonetary status. As counsel for defendants mentioned to the trial court, the case was on the eve of trial and a summary judgment motion was pending. The facts underlying

20

the newly proposed cause of action—which concerned alleged alterations to recorded documents—were quite distinct from the facts at the core of the parties' dispute—i.e., whether plaintiffs were current on their loan. Under these circumstances, it was not an abuse of discretion to deny plaintiffs' procedurally defective, belated motion to amend.

In their opening brief on appeal, plaintiffs cite to additional evidence supporting their claims of altered and forged recorded documents. Most of the cited evidence was either introduced at trial or discovered after the time the court ruled on plaintiffs' motion seeking leave to file a third amended complaint. Plaintiffs claim "this new information . . . may now be used to allow Plaintiffs to 'connect the dots' to provide the supporting evidence that was not considered by the lower court in prior negative decisions." To the contrary, we may not consider matters that postdate the challenged order. (See generally *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) Our task on appeal is to assess whether the court abused its discretion in denying plaintiffs' request to file a third amended complaint. Evidence and documents that were not before the trial court at the time it ruled on the motion necessarily have no bearing upon whether the trial court acted within the scope of its discretion.

### 5. *Pending Motions and Other Matters*

During the course of the briefing in this appeal, defendants filed a motion to strike portions of plaintiffs' opening brief on appeal, a request for judicial notice, and a supplemental clerk's transcript. The gravamen of the motion is that the objects of the motion to strike concern matters that postdate the judgment on appeal and should not be considered by this court. We deferred consideration of the motion pending our review of the merits of the appeal. We now proceed to consider that motion.

We agree with the proposition that matters postdating the judgment on appeal are not relevant to our review of the challenged judgment. (See *Vons Companies, Inc. v. Seabest Foods, Inc., supra,* 14 Cal.4th at p. 444, fn. 3.) Although there are limited exceptions to this general rule (see *ibid.*), no such exceptions apply in this case. At this stage of the appeal, no purpose would be served by striking the items identified by defendants**,** although for the sake of clarity we shall deny the request for judicial notice

21

filed by plaintiffs on September 28, 2011. Suffice it to say that we have disregarded matters that postdate the judgment on appeal.

We deferred consideration of a motion filed by plaintiffs on August 25, 2011, in which plaintiffs sought to augment the record with certain documents and to strike documents contained in the clerk's transcript that they claim have been altered. We now deny that motion in its entirety. The documents sought to be added to the record postdate the judgment on appeal. As for the documents claimed to have been altered, plaintiffs have not demonstrated how any claimed alteration bears upon the issues they have raised on appeal.

Following receipt of the notice setting this matter for oral argument, plaintiffs filed a motion for judicial notice of "new facts and new case law." The motion seeks judicial notice of two documents that purportedly show the corporate relationship among certain defendants and other financial services companies. Even if we were to assume these documents are appropriate subjects of a judicial notice request, they were not presented to the trial court and have no bearing upon the issues presented on appeal. (See *Vons Companies, Inc. v. Seabest Foods, Inc., supra,* 14 Cal.4th at p. 444, fn. 3 ["Reviewing courts generally do not take judicial notice of evidence not presented to the trial court."].) Therefore, we deny the request to take judicial notice of the first two documents submitted with the motion. In addition, plaintiffs request judicial notice of three published California appellate cases and one decision of a federal district court. Although we will generally consider published cases decided after the completion of appellate briefing, it is only appropriate to do so when they are relevant to the issues raised on appeal. In this case, while we have considered the new case authority cited by plaintiffs, we conclude it is not relevant to the issues plaintiffs have raised on appeal.

We note that plaintiffs filed a lengthy reply brief that is nearly twice as long as their opening brief on appeal. In their reply brief, plaintiffs raise many arguments that were not presented to this court in the opening brief. We decline to consider issues raised for the first time in a reply brief. "Obvious considerations of fairness in argument demand that the appellant present all of his or her points in the opening brief. To

22

withhold a point until the closing brief would deprive the respondent of an opportunity to answer it or require the effort and delay of an additional brief by permission." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 723, p. 790; see also *Granite Construction Co. v. American Motorists Ins. Co.*, *supra,* 29 Cal.App.4th at p. 667, fn. 8.)

As a final matter, we note that plaintiffs spent a portion of oral argument on appeal arguing, in effect, that the trial court's factual findings were erroneous. Plaintiffs' contentions amount to an attack on the sufficiency of the evidence supporting the trial court's decision. Because plaintiffs failed to present a legal argument concerning the sufficiency of the evidence in their opening brief on appeal, we refuse to consider their belated attempt to raise the issue. In any event, plaintiffs' contentions lack merit. We apply a substantial evidence standard of review to a court's findings of fact contained in its statement of decision. (*Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613.) Under that deferential standard of review, we defer to the trial court's findings if they are supported by substantial evidence. (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 364.) A single witness's testimony may constitute substantial evidence to support a finding. (*Citizens Business Bank v. Gevorgian, supra,* at p. 613.) It is not our role as a reviewing court to reweigh the evidence or assess witness credibility. (*Niko v. Foreman, supra,* at p. 365.) Although plaintiffs disagree with the trial court's findings of fact and urge us to reweigh the evidence presented at trial, they have failed to demonstrate that there is no substantial evidence to support the trial court's factual findings.

## DISPOSITION

The judgment is affirmed.  Respondents shall be entitled to recover their costs on appeal.

_____

McGuiness, P.J.

We concur:

_____

Pollak, J.

_____

Jenkins, J.